| | |
|---|---|
| ABDUR RAHIM MAHMOOD, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CURTIS D. DRIGGERS, JR., Detective, )<br>Charlotte-Mecklenburg Police )<br>Department; )<br>TIM J. SIELAFF, Assistant District )<br>Attorney, Mecklenburg County; )<br>ROBERT K. TROBICH, Private Defense )<br>Attorney, )<br>)<br>    Defendants. )<br>)| **ORDER** |

**THIS MATTER** comes before the Court upon initial review of Plaintiff's civil rights Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I.  FACTUAL BACKGROUND**

Plaintiff's Complaint does not set forth any specific facts in support of his allegations. Instead, he has attached numerous documents[1] to his form-Complaint, thereby providing some background information. (Doc. No. 1 at 3-42). The Court has gleaned the following facts from those documents.

On January 8, 2009, Plaintiff was at a car wash on Statesville Avenue in Charlotte, North

---

[1] Such additional pages consist of an offense report form and an offense narrative completed by Defendant Detective Curtis D. Driggers, Jr. ("Detective Driggers"), an offense narrative completed by Officer Canfield, statements given by the car wash employee with whom Plaintiff fought and the owner of the car wash, a memorandum of plea offer reflecting Defendant Tim J. Sielaff's ("Sielaff") offer to enter into a plea agreement with Plaintiff concerning charges for attempted common law robbery and being a habitual felon, and several pieces of correspondence exchanged between Plaintiff and several persons/entities. (Doc. No. 1 at 13-42).

Carolina, when he got into a physical altercation with a car wash employee. (Doc. No. 1 at 13-17). The fight ensued after the employee declined Plaintiff's request for money and Plaintiff attempted to take the employee's portable pressure washer from him. (Id. at 16). The car wash employee allegedly pulled a gun on Plaintiff and then assaulted Plaintiff by punching him in the face. (Id.). Several Charlotte-Mecklenburg Police Officers responded to reports of the altercation, including Detective Driggers. (Id.). When Detective Driggers and Officers R.G. Canfield and J.D. LeCompte encountered Plaintiff, he was "intoxicated and very aggressive with officers." (Id.). Officer LeCompte arrested Plaintiff for being "intoxicated and disruptive" in violation of North Carolina law. (Id.). Plaintiff was also charged with attempted common law robbery and being an habitual felon. (Id. at 16, 19).

In or around March 2009, Defendant Robert K. Trobich ("Trobich") was appointed to represent Plaintiff. (Id. at 32). Plaintiff was detained at the Mecklenburg County Jail. (Id. at 26). His case initially was calendared for trial during the September 2009 term of the Superior Court of Mecklenburg County but was subsequently continued on several occasions. (Id. at 4, 24).

By way of relief, Plaintiff asks the Court to appoint counsel to and to award 3.5 million dollars in compensatory damages. (Id. at 6). For the reasons that follow, however, Plaintiff's Complaint must be dismissed.

## II.     STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a

2

right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

### III.    DISCUSSION

#### A.    Robert K. Trobich

Plaintiff alleges that Trobich subjected him to various instances of ineffective assistance of counsel, retaliated for his having complained about counsel to the Court and to the North Carolina State Bar, refused to file motions on his behalf and conspired with the prosecutor to prolong Plaintiff's case as punishment for rejecting the plea agreement and seeking to have counsel removed from his case. (Id. at 5).

The law is clear that a defense attorney, whether privately retained, court-appointed, or a public defender, is not amenable to suit under § 1983 because defense counsel does not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (noting the widely held understanding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (affirming dismissal of §1983 action against court-appointed attorney as lacking "state action");

3

Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of §1983 action against retained counsel). Plaintiff's claims against Trobich must be dismissed because Trobich did not act under color of state law when serving as Plaintiff's court-appointed defense counsel. 42 U.S.C. § 1983.

### B. Tim J. Sielaff

Plaintiff alleges that the prosecutor, Sielaff, engaged in a malicious prosecution, violated his right to a speedy trial, abused his authority as a prosecutor to calendar his case, abused the judicial process by obtaining an indictment before Plaintiff could have his scheduled probable cause hearing, subjected him to racial discrimination, and threatened Plaintiff with additional charges for his refusal to accept a plea offer. (Id. at 4).

Plaintiff's claims against Sielaff in his official capacity are barred by the Eleventh Amendment and in his individual capacity by the doctrine of prosecutorial immunity.[2] See Nivens v. Gilchrist, 444 F.3d 237, 248 (4th Cir. 2006). The Eleventh Amendment states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign States." U.S. Const. amend. XI. The Amendment has been read to make "an unconsenting State . . . immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

Sielaff is a state official. See Nivens, 444 F.3d at 249 (North Carolina's treasury would

---

[2] Because allegations in a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Sielaff in both his individual and official capacities.

4

be affected by any money judgment against a prosecutor in his "official" capacity[3]). Plaintiff's claim for monetary damages against Sielaff in his official capacity is, in effect, against the state, which employs Sielaff. See Nivens, 444 F.3d at 250; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (noting that the government entity is "the real party in interest" in an official capacity suit). Suits for monetary damages against the state are barred by the Eleventh Amendment. Puckett v. Carter, 454 F.Supp.2d 448, 452 (M.D.N.C. 2006) (citing Nivens, 444 F.3d at 249) (dismissing, on Eleventh Amendment grounds, claims brought against a district attorney in his "official" capacity). Therefore, Plaintiff's claims against Sielaff in his official capacity must be dismissed.

In his individual capacity, Sielaff is entitled to prosecutorial immunity. "[P]rosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties." Puckett, 454 F.Supp.2d at 452 (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). In Imbler, the Supreme Court held "that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 430. The Court explained that prosecutors should be afforded absolute immunity when their "activities were intimately associated with the judicial phase of the criminal process." Id. "In applying this rule, the Court of Appeals for the Fourth Circuit has held that the process of deciding whether to seek an indictment and to pursue a conviction based on an indictment returned by a grand jury is conduct 'intimately associated with the judicial phase of the criminal process.'" Puckett, 454 F.Supp.2d at 452 (citing Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996)); see also Taylor v. Kavanagh, 640 F.2d 450 (2d Cir. 1981) (noting that

---

[3] North Carolina must pay "a final judgment awarded in a court of competent jurisdiction against a State employee." N.C. Gen. Stat. Ann. § 143-300.6.

absolute immunity applies to negotiations between the prosecutor and a defendant, even where the prosecutor allegedly breaches the agreement or makes misrepresentations to the defendant).

The Fourth Circuit has noted that "district attorneys performing traditional prosecutorial duties, including initiation of criminal proceedings, are afforded absolute immunity in claims for damages brought against them in their individual capacities." Puckett, 454 F.Supp.2d at 452 (citing Nivens, 444 F.3d at 249-50). Plaintiff does not argue that Sielaff's actions fell outside of his traditional prosecutorial duties. Nor does Plaintiff contend that Sielaff violated his rights while undertaking administrative or investigatory activities. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."); Kalina v. Fletcher, 522 U.S. 118, 126 (1997) (noting same).

Rather, Plaintiff contends that Sielaff engaged in a malicious prosecution, violated his right to a speedy trial, abused his authority as a prosecutor to calendar his case, abused the judicial process by obtaining an indictment before Plaintiff could have his scheduled probable cause hearing, subjected him to racial discrimination, and threatened Plaintiff with additional charges for his refusal to accept a plea offer. (Doc. No. 1 at 4). It is unclear whether Plaintiff's allegations that Sielaff subjected him to racial discrimination are aimed at his conduct as a prosecutor. Regardless, they are conclusory and without factual support. Plaintiff's other allegations against Sielaff are clearly aimed at his performance of traditional prosecutorial duties. Therefore, to the extent Plaintiff seeks money damages from Sielaff in his individual capacity for his actions in prosecuting Plaintiff's criminal case, Plaintiff's claims will be dismissed.

6

C. **Detective Curtis D. Driggers**

Plaintiff alleges that Detective Driggers violated his Fifth, Sixth and Fourteenth Amendment rights in numerous ways, including denying Plaintiff's right to equal protection, subjecting him to malicious prosecution, using false information in his offense narrative, deliberately concealing exculpatory evidence, subjecting him to racial discrimination, failing to give him any Miranda warnings and questioning him after he invoked his right to remain silent, illegally detaining him and falsely arresting him. (Id. at 3).

Plaintiff alleges that Detective Driggers subjected him to malicious prosecution. Under North Carolina law, "a plaintiff must prove four essential elements to establish a malicious prosecution claim: (1) that defendant initiated the earlier proceeding, (2) that he did so maliciously and (3) without probable cause, and (4) that the earlier proceeding terminated in plaintiff's favor." Cloaninger ex rel. Cloaninger v. McDevitt, 555 F.3d at 335-36 (internal citation and quotation omitted). Plaintiff's allegation must fail because (1) Plaintiff was arrested by Officer LeCompte and not by Detective Driggers, (2) the facts asserted in Plaintiff's Complaint and its attachments tend to show that Officer LeCompte had probable cause to arrest Plaintiff for being "intoxicated and disruptive," and (3) plaintiff does not allege that the proceedings were terminated in his favor.

Plaintiff alleges that Detective Driggers illegally detained him and falsely arrested him. "A false arrest is an arrest without legal authority and is one means of committing a false imprisonment." Glenn-Robinson v. Acker, 140 N.C. App. 606, 615 (2000). Plaintiff states that he was arrested by Officer LeCompte and not by Detective Driggers. (Id. at 8). Plaintiff does not allege that Officer LeCompte acted at the direction of Detective Driggers. Moreover, it appears that Officer LeCompte had probable cause to arrest Plaintiff and "there is no cause of

7

action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." Harrison v. Deane, No. 09-2202, 2011 WL 1630043, at *5 (4th Cir. Apr. 29, 2011) (citing Street v. Surdyka, 492 F.2d 368, 372–73 (4th Cir. 1974)). Therefore, Plaintiff cannot state a claim for relief against Detective Driggers for illegal detention or false arrest.

Plaintiff alleges that Detective Driggers violated his Fourteenth Amendment right to equal protection. (Doc. No. 1 at 3). Apart from the fact that Plaintiff has failed to allege any facts to support this allegation, "[t]he Supreme Court has rejected the proposition that a defendant possesses a liberty interest in avoiding prosecution upon less than probable cause." Brooks v. Winston-Salem, 85 F.3d 178, 184 (4th Cir. 1996) (citing Taylor, 81 F.3d at 436). Therefore, Plaintiff cannot state a claim for relief on this allegation.

Plaintiff also alleges that Detective Driggers perjured himself by including false statements in the offense narrative that he prepared after Plaintiff's arrest. (Doc. No. 1 at 3). However, "there must be some deprivation of a recognized liberty or property interest in order to invoke the protections of the Fourteenth Amendment. See Zahrey v. Coffey, 221 F.3d 342, 348 (2d Cir. 2000) ("The manufacture of false evidence, 'in and of itself,' ... does not impair anyone's liberty, and therefore does not impair anyone's constitutional right."). The documents in question were prepared after Plaintiff's arrest and he does not allege that they caused him to be arrested.[4] For conduct to be actionable in a § 1983 claim under the Fourteenth Amendment, it must actually result in deprivation of a life, liberty or property interest. See Cnty. of Sacramento

---

[4] Plaintiff alleges that Detective Driggers "lied in his sworn affidavit [t]o gain the warrant for the arrest." (Doc. No. 1 at 3). However, Plaintiff's Complaint and supporting documents indicate that he was arrested for being "intoxicated and disruptive" and that no arrest warrant was needed or issued. Thus, Plaintiff's bare allegation that Detective Driggers lied in connection with an arrest warrant is contradicted by his own submissions and is insufficient to support his claim of a Fourteenth Amendment violation.

8

v. Lewis, 523 U.S. 833, 845-49 (1998).  "Thus, established case law simply does not allow this Court to recognize a separate Fourteenth Amendment violation for manufacturing false inculpatory evidence, where no life, liberty, or property interest is impaired as a result of that misconduct."  McFadyen v. Duke University, No. 1:07-cv-953, 2011 WL 1260207, at *43 (M.D.N.C. Mar. 31, 2011).  Therefore, Plaintiff cannot state a claim for relief on this basis.

Plaintiff alleges that Detective Driggers failed to properly investigate the incident.  (Doc. No. 1 at 3).  Plaintiff contends that had Detective Driggers questioned other patrons at the car wash, he would have learned that the car wash employee lied when he reported to police officers that Plaintiff had begged other patrons for money.  However, inasmuch as that detail is immaterial and Plaintiff does not deny that he was intoxicated and aggressive as reported by Officer Canfield, he cannot establish that any of his rights were violated by Detective Driggers's failure to discover the employee's alleged fabrication.

Plaintiff alleges that Detective Driggers failed to disclose exculpatory information.  (Doc. No. 1 at 3).  It is well settled that a claim that alleges an officer's failure to disclose exculpatory evidence "'does not allege a deprivation of any right guaranteed under the Due Process Clause of the Fourteenth Amendment . . . .'"  McFadyen, 2011 WL 1260207, at *43 (quoting Taylor v. Waters, 81 F.3d 429, 436 (4th Cir. 1996).  Rather, such disclosure is a "trial right" that must be raised in the course of the trial proceedings.  Id.  Therefore, Plaintiff cannot proceed with this claim.

Plaintiff also alleges that Detective Driggers discriminated against him by accepting as true the car wash employee's version of events because Plaintiff is African American and the car wash employee and Detective Driggers are both Caucasian.  Such a conclusory allegation, however, is insufficient to state a claim for racial discrimination in violation of the Fourteenth

9

Amendment. The difference in race between a traffic stop detainee and a police officer is, without more, insufficient to establish a prima facie case of racial discrimination. Bibum v. Prince George's Cnty., 85 F.Supp.2d 557, 562 (D.Md. 2000) (granting summary judgment for claim of racial discrimination based solely on fact that plaintiff/arrestee is African American with very dark complexion and arresting officer is Caucasian) (citing Ford v. Wilson, 90 F.3d 245, 248-49 (7th Cir. 1996); see also Harris v. Kansas City, 703 F.Supp. 1455, 1458-59 (D.Kan. 1988) (evidence that arrestees were African American and arresting officers were Caucasian is insufficient to show that arrests were racially motivated).

Finally, Plaintiff alleges Detective Driggers failed to give him his Miranda[5] warnings as required by the Fifth Amendment and that he continued to question Plaintiff after Plaintiff asserted his right to remain silent. (Doc. No. 1 at 3). The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. In order to protect that right, when a suspect is subject to "custodial interrogation," he must be warned that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." United States v. LeCraft, No. 4:10-cr-21, 2011 WL 127151, at *6 (E.D.N.C. Jan. 14, 2011) (quoting Miranda v. Arizona, 384 U.S. at 444). The law is clear, however, that Miranda's safeguards "were not themselves rights protected by the Constitution but were instead measures to insure that the right against compulsory self-incrimination was protected."[6] Michigan v. Tucker, 417 U.S. 433, 444 (1974); see also Chavez v. Martinez, 538

---

[5] Miranda v. Arizona, 384 U.S. 436 (1966).

[6] It should also be noted that Plaintiff was arrested by Office LeCompte, and not by Detective Driggers. (Doc. No. 1 at 16). Therefore, it was therefore Officer LeCompte's duty,

10

U.S. 760, 772 (2003) ("Chavez's failure to read Miranda warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action."); Connecticut v. Barrett, 479 U.S. 523, 528 (1987) (Miranda's warning requirement is "not itself required by the Fifth Amendmen[t] . . .but is instead justified only by reference to its prophylactic purpose"). Plaintiff's Fifth Amendment claim must be dismissed.

Plaintiff has failed to state a constitutional claim for relief against Defendants. Accordingly, his Complaint must be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: November 29, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

and not Detective Driggers', to provide Plaintiff with Miranda warnings. Officer LeCompte was not named as a defendant in this suit.